**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5082**

_____

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

JAVAR EUGENE SUTTON,

　　　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:08-cr-00165-TDS-1)

_____

Submitted:  September 20, 2011　　　Decided:  September 29, 2011

_____

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, William C. Ingram,
First Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Anand P. Ramaswamy, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javar Eugene Sutton pled guilty to unlawful possession of a firearm by a convicted felon and was sentenced as an armed career criminal to a term of 180 months' imprisonment. See 18 U.S.C. §§ 922(g)(1), 924(e) (2006); U.S. Sentencing Guidelines Manual § 4B1.4 (2008). On appeal, Sutton contends that one of his predicate convictions for armed career criminal status was not punishable by more than one year of imprisonment and therefore he was incorrectly sentenced as an armed career criminal. In light of our decision in United States v. Simmons, ___ F.3d ___, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we vacate the sentence and remand for resentencing.

Under § 924(e), a defendant is an armed career criminal if he violates § 922(g)(1) and has three prior convictions for a serious drug offense or a violent felony "punishable by imprisonment for a term exceeding one year[.]" See 18 U.S.C. § 924(e)(2)(B). In the district court, Sutton conceded that he had two predicate convictions, but argued that his 2005 consolidated convictions for breaking and entering, and larceny after breaking and entering, for which he received a sentence of 4-5 months' imprisonment, could not serve as the third predicate conviction because neither offense was a "felony," as defined in § 922(g) and § 924(e). Under North Carolina law, both offenses were Class H felonies and Sutton was

2

in criminal history category II.  Under the North Carolina structured sentencing scheme, the presumptive range of punishment for a defendant with a Class H felony in criminal history category II is 5-6 months.  See N.C. Gen. Stat. § 15A-1340.17(c)-(d).  (setting out minimum and maximum sentences applicable under North Carolina's structured sentencing regime). If aggravating factors are found, the maximum sentence is 10-12 months.  Sutton argued that, because his sentence was in the mitigated range of 4-5 months, the judge must have found mitigating factors, and thus he could not have received a sentence of more than one year.[*]

The district court found that Sutton's argument was foreclosed by United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005).  The court imposed a sentence of 180 months, below the Guidelines range, finding that Sutton's current age and "relative age at the time the various prior criminal convictions were incurred" were mitigating factors.  Subsequently, we overruled Harp with an en banc decision in Simmons, sustaining a similar argument in favor of the defendant.

---

[*] We observe that even if aggravating factors were present, the maximum sentence for a defendant like Sutton, with a criminal history category of II, is 12 months imprisonment, and thus not "more than one year," as required by § 924(e)(2)(B).

In light of our holding in <u>Simmons</u>, we vacate the sentence imposed by the district court and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4